JENNIE O. STEVENS v. WILLIAM STEVENS AND SUSIE
E. STEVENS, *his Wife*, AND BERNARD POLLMAN.

**No. 425.**   (62 Pac. 714.)

FRAUD—*Action to Set Aside Deed—Evidence.*   Where a deed is
made by one who is weak in body and mind, for a grossly inade-
quate consideration, to a person who sustains a parental relation
to the grantor, proof of intimidation, misrepresentation and fraud
leading toward the execution thereof is sufficient to justify a dis-
trict court in setting said deed aside.

Error from Wyandotte district court; H. L. ALDEN,
judge.   Opinion filed October 27, 1900.   Affirmed.

*Nathan Cree*, and *George W. Littick*, for plaintiff in
error.

*True & Sims*, for defendants in error.

The opinion of the court was delivered by

WELLS, J.:   This action was brought in the district
court by the defendants in error William Stevens and
Susie E. Stevens, husband and wife, against the
plaintiff in error, Jennie O. Stevens, to set aside a
deed to certain real estate and to partition the same.
Bernard Pollman, the other defendant in error, held
a mortgage upon the property in dispute, but he
makes no appearance in this court and it is not neces-
sary to make further mention of him.   Upon the trial,
the court found that the deed made by the defendants
in error to the plaintiff in error was obtained for a
grossly inadequate consideration, by means of undue
influence and false and fraudulent statements and
representations, and the same was set aside and a par-
tition of the property ordered, to reverse which these
proceedings in error are prosecuted.   The history of
the transaction out of which this controversy arose is

substantially as follows : Colver Stevens died January 11, 1898, the owner of the property in controversy worth about $3250, upon which there was a mortgage lien of $1050, leaving as his sole heirs his wife, Jennie O. Stevens, and a son, William Stevens, aged nearly twenty-two years, who was a stepson of the plaintiff in error, and had been reared by her ever since he was about three years of age.   Upon the return of the stepmother and son from a funeral trip to Maine of nearly a month's duration, the son was married to the defendant in error Susie E. Stevens, but continued to reside with his stepmother.   Three days after the wedding he was taken very sick and tried to kill himself.   He was sick about a month before he was able to get up, but he was yet weak in body and mind. On the 28th day of April, 1898, the deed in controversy was made, for a consideration of $250, all of which, excepting $18.55, was his share of rents collected.

The first error alleged is that the court erred in finding that the deed was obtained for a grossly inadequate consideration, by means of undue influence and false and fraudulent representations.   There is an abundance of evidence to sustain this finding, and, upon reading the record, it is difficult to think that the court could have found otherwise.   The inadequacy of the consideration, coupled with the relation the parties sustained to each other, is sufficient to throw suspicion upon the transaction and cast upon the beneficiary thereof the burden of showing that no advantage was taken and that the transaction was fair and conscionable.   As is said in Schouler's Domestic Relations, section 270 : "All family arrangements of the filial kind, whether child or parent be the weaker party, should, in order to stand firmly, be

free from fraud or undue influence on either side and made in good faith, or equity will readily set them aside."

The second contention, that as Mrs. Stevens had renewed a mortgage upon one piece of the property, she could not be restored to the identical position she was in before, is without merit, as under the order of the court she was not injured in the least by any change of conditions.

In relation to the remaining allegations of error, we need only say that in our opinion the petition stated a good cause of action as to each plaintiff; that the findings of the court are not outside the issues raised by the pleadings; that under the circumstances of this case we cannot say, as a matter of law, that nine months was an unreasonable time to delay the bringing of the action, and it does not appear that an answer to the question asked Mr. McLaughlin would have thrown any light on the issues in this case.

The judgment of the district court is affirmed.